FILED
                                                        United States Court of Appeals
                                                                Tenth Circuit

                                                            **August 23, 2011**

           UNITED STATES COURT OF APPEALS
                                                          **Elisabeth A. Shumaker**
                                                                **Clerk of Court**
                        TENH CIRCUIT

OLOYEA D. WALLIN,

        Petitioner-Appellant,

v.

KEVIN P. ESTEP, and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO

        Respondents-Appellees.

No. 11-1129
(D.C. No. 1:10-CV-00598-ZLW)
(D. Colo.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.


In 2001, a Colorado state court convicted Oloyea D. Wallin of felony

menacing.  In 2010, Mr. Wallin filed a petition in federal court seeking relief

from this conviction pursuant to 28 U.S.C. § 2254.  The district court ruled that

the petition was barred by the one year limitations period set forth under 28

U.S.C. § 2244(d).  Alternatively, the district court held, the petition was

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

procedurally barred by Mr. Wallin's failure to exhaust certain state remedies available to him.

Mr. Wallin did not immediately appeal this ruling. Instead, he filed a motion seeking reconsideration of the court's dismissal. Properly construing Mr. Wallin's motion as one under Fed. R. Civ. P. 60(b), the district court denied that motion, explaining that Mr. Wallin "failed to assert any extraordinary circumstances that would merit relief under Rule 60(b)." ROA at 321.

Mr. Wallin now seeks a certificate of appealability ("COA") to appeal both the dismissal of his § 2254 petition and the denial of his Rule 60(b) motion. However, because Mr. Wallin failed to file timely a notice of appeal with regard to his § 2254 petition and did not seek or receive any extension of time under Fed. R. App. P. 4(a)(6), we are limited to consideration of the district court's denial of his Rule 60(b) motion. And even here we may grant a COA only if Mr. Wallin makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Mr. Wallin must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted).

This Mr. Wallin has not done. Viewing his pro se pleadings charitably, they still fail to give us any reason to think that the district court should have

granted a Rule 60(b) motion to reconsider its conclusion that his § 2254 petition was untimely or procedurally defaulted. The record clearly shows that, at the very least, between December 2002 and April 2004 — a period of well over one year — Mr. Wallin had no valid post-conviction proceedings pending that might have tolled § 2244(d)'s statute of limitations. Likewise, the district court was correct that Mr. Wallin's current claims are procedurally defaulted. Mr. Wallin did not raise these claims in his original state post-conviction motions and, as the district court noted, Colorado rules generally prohibit successive post-conviction motions. *See* Colo. R. Crim. P. 35(c)(3)(VII).

Mr. Wallin's application for a COA and his motion for leave to proceed *in forma pauperis* are denied and this appeal is dismissed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge